# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JAMES MANNING,

    Petitioner,

vs.

JOSEPH RAUCHFASS, *et al.*,

    Respondents.

Case No. 2:15-cv-00390-GMN-NJK

**ORDER**

This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by a Nevada state prisoner.

Petitioner has filed a motion to proceed *in forma pauperis*. (ECF No. 1). Based on the information regarding petitioner's financial status, the Court finds that the motion to proceed *in forma pauperis* should be granted.

This action was initiated by petitioner submitting a *pro se* complaint using the Court's standard civil rights complaint form. (ECF No. 1-1). In the complaint, petitioner alleges that he was wrongfully incarcerated. In the complaint's prayer for relief, petitioner seeks to have his criminal case overturned and seeks to be released from state prison. Based on the content of petitioner's pleading, it appears that he is seeking habeas relief. As such, petitioner must file a petition for a writ of habeas corpus using the Court's approved habeas corpus form. *See* Local Rules of Special Proceedings 3-1 ("[a] petition for writ of *habeas corpus*, filed by a person who is not represented by an attorney, shall be on the form provided by this court."). The Court will direct

the Clerk of Court to provide petitioner with the approved form for filing a *pro se* habeas corpus petition.

In filing the habeas petition, petitioner is advised that the petition will supercede the original complaint and therefore must be complete in itself. *See Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990). All causes of action alleged in an original pleading which are not alleged in a later pleading are waived. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) (citation omitted). The amendment of a pleading constitutes waiver of any omitted arguments or claims from previous versions of the pleading. *See Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997). Therefore, the petition must contain all grounds for relief and factual allegations that petitioner wishes to pursue in this action.

Petitioner has filed two motions seeking the appointment of counsel. (ECF Nos. 2 & 3). Pursuant to 18 U.S.C. § 3006A(2)(B), the district court has discretion to appoint counsel when it determines that the "interests of justice" require representation in a habeas corpus case. Petitioner has no constitutional right to appointed counsel in a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir. 1993). The decision to appoint counsel is within the Court's discretion. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), *cert. denied*, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), *cert. denied*, 469 U.S. 838 (1984). Both of petitioner's motions for the appointment of counsel are generic form motions seeking the appointment of counsel. The motions contain no explanation for why petitioner requires counsel in this particular case. At this juncture, it does not appear that the appointment of counsel is justified. Petitioner's motions for the appointment of counsel are denied, without prejudice to bringing a future motion for counsel in which petitioner explains why the appointment of counsel is necessary in this particular case.

**IT IS THEREFORE ORDERED** that the application to proceed *in forma pauperis* (ECF No. 1) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk **SHALL SEND** petitioner the form for filing a § 2254 habeas corpus petition in this Court, together with instructions for filing the form.

**IT IS FURTHER ORDERED** that petitioner **SHALL FILE**, within **thirty (30) days** from the date of entry of this order, a habeas petition using the Court's approved habeas corpus form. If petitioner fails to comply with this directive, this action will be dismissed.

**IT IS FURTHER ORDERED** that petitioner's motions for the appointment of counsel (ECF Nos. 2 & 3) are **DENIED** without prejudice to bringing a future motion for counsel in which petitioner explains why the appointment of counsel is necessary in this particular case.

Dated this __25__ day of March, 2016.

_____
Gloria M. Navarro, Chief Judge
United States District Court